UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARRIE AULT,                          )
                                      )
          Movant,                     )
                                      )
    vs.                               )          Case No. 4:11CV00182 ERW
                                      )
UNITED STATES OF AMERICA,             )
                                      )
          Respondent.                 )

## MEMORANDUM AND ORDER

This matter comes before the Court on Movant Carrie Ault's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 [ECF No. 1]. Movant subsequently filed a supplement to her Motion [ECF No. 11]. The United States filed its response to both the initial motion and supplement on July 18, 2011 [ECF No. 13].

## I.    BACKGROUND AND PROCEDURAL HISTORY

On July 2, 2008, a federal grand jury returned a twenty-one count indictment against Movant Carrie Ault (Movant) and nine other individuals.[1] The indictment states that Mark Roe conspired with others, including Movant, to make multiple purchases of pseudoephedrine in order to manufacture methamphetamine. (4:08CR00410 ERW, ECF No. 2). Members of the conspiracy, which includes Movant, purchased a total of 1407.31 grams of pseudoephedrine pills. *Id.* In her individual capacity, Movant purchased 293.32 grams of pseudoephedrine pills. *Id.* Movant was charged with one count of conspiracy to possess pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(c)(2) and 846 (Count I), and two separate counts of possession of pseudoephedrine knowing

---

[1] The underlying criminal case's CM/ECF number is 4:08CR00410 ERW.

and having reasonable cause to believe it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2) (Counts XVI and XVII).

The United States offered Movant a choice of pleas. She could (1) plead guilty to the quantity of pseudoephedrine she actually possessed, 293 grams, and relinquish her right to seek a sentence below the corresponding guideline range and waive all rights to appeal, or (2) plead guilty to the quantity purchased by the conspiracy as a whole, 1435.15 grams, and retain the right to seek a sentence below the guideline range and maintain all rights to appeal. (4:11CV00182 ERW, ECF No. 13, Gov't Resp. at 8). Movant chose the second option and, on October 31, 2008, she pleaded guilty to all three counts as charged. In conjunction with her guilty plea, Movant signed a "Stipulation of Facts For Purposes of Defendant's Plea of Guilty as to Counts One, Sixteen, and Seventeen." At the plea hearing, the parties stipulated that Movant was responsible for one kilogram but less than three kilograms of pseudoephedrine. (4:08CR00410 ERW, ECF No. 322, Plea Hr'g Tr. 13).

On April 3, 2009, the Court sentenced Movant to 124 months imprisonment on Counts I, XVI, and XVII, with the sentences to run concurrently. Movant appealed her conviction and sentence to the U.S. Court of Appeals for the Eighth Circuit, which affirmed. On January 24, 2011, Movant filed *pro se* the pending Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In her Motion and supplement, Movant asserts that her attorney provided ineffective assistance of counsel by (1) advising her to plead guilty to the entire conspiracy instead of pleading to only the possession charges; and (2) failing to advise the Court that she was entitled to an additional point of credit for acceptance of responsibility that would decrease her offense level by one additional level.

## II.     LEGAL STANDARD

Title 28 U.S.C. § 2255(a) allows a federal prisoner to move the court which imposed the sentence to vacate, set aside, or correct the sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003).

Claims brought under § 2255 also may be limited by procedural default.  A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not."  *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence."  *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001).

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim."  *Id.*  Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal.  *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003).  Demonstrating ineffective assistance of counsel will normally satisfy the cause

for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *United States v. Apfel*, 97 F.3d 1074,1076 (8th Cir. 1996).

If a movant is not procedurally barred from bringing a § 2255 motion, the court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing so long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). In contrast, a court may dismiss a claim without an evidentiary hearing, if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Tinajero-Ortiz v. U.S.*, 635 F.3d 1100, 1105 (8th Cir. 2011).

## III. DISCUSSION

Movant asserts two claims for relief. Each claim is predicated on allegations of ineffective assistance of counsel. First, she asserts that her attorney was ineffective in that he advised her to plead guilty to the entire conspiracy instead of pleading to only the possession charges. Second, she alleges that her attorney was ineffective for failing to advise the Court that she was entitled to an additional one-point credit for acceptance of responsibility that would decrease her offense level by one additional level.

To prove ineffective assistance of counsel, a movant must demonstrate: (1) that her counsel's performance was deficient due to "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and (2) that this "deficient performance prejudiced the defense" because "counsel's errors were so serious" they deprived movant of a fair trial. *Strickland*

*v. Washington*, 466 U.S. 668, 687 (1987).  The Supreme Court has held that this two-part test also applies in situations where a movant raises ineffective assistance of counsel claims after entering a guilty plea instead of proceeding to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  To satisfy the prejudice requirement in this situation, a movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Id.* at 59.  Both prongs of the test must be satisfied in order for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not address the other.  *Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating whether an attorney's performance was so deficient that it failed to meet the Sixth Amendment's guarantee of effective counsel, the Court applies "an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  Movant bears the burden of proving counsel's performance was unreasonable, considering all of the circumstances.  *Id.*  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

## A.  Advice Regarding Choice of Plea

Movant asserts that her attorney was ineffective because he advised her to choose one plea, which allowed her to maintain her appellate rights and the right to seek a sentence lower than that suggested by the guideline, but required her to plea to the amount of pseudoephedrine purchased by the entire conspiracy (1407.31 grams), instead of the other plea, which enabled Movant to plead to the amount of pseudoephedrine that she personally purchased (293.32 grams), but required her to waive her appellate rights and the right to seek a lower sentence.  The record demonstrates that her attorney's advice was reasonable trial strategy.

Due to the strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance, "[d]ecisions involving trial strategy are virtually unchallengeable." *Loefer v. U.S.*, 604 F.3d 1028, 1030 (8th Cir. 2010). Defense Counsel's advice originated from a well-reasoned, tactical decision, that is, he genuinely believed that Movant's background and other circumstances would compel the Court to sentence Movant leniently and he wanted to maintain her ability to make this argument. During the sentencing hearing, Defense Counsel zealously argued for a downward departure from the sentencing guideline range. He sought to construe Movant's crime as merely feeding her drug addiction as opposed to her being an actor in a large-scale drug trafficking operation. (4:08CR00410 ERW, ECF No. 324, Sentencing Hr'g Tr. 39). He also raised various mitigating factors to the Court's attention including Movant's history of childhood abuse, her long history of drug abuse, and her minimal previous criminal activities. *Id.* at 35-36, 29-32, 41. Under this rationale, Defense Counsel asked the Court to look to Offense Level 28, or a range of punishment from 78 to 97 months imprisonment, when the Court calculated Movant's sentence.[2] *Id.* at 41. After taking these factors into consideration, the Court found the seriousness of Movant's crime exceeded the range of punishment suggested by Defense Counsel. Even though his arguments failed, "[r]easonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful." *James v. Iowa*, 100 F.3d 586, 590 (8th Cir. 1996).

It was reasonable for Defense Counsel to think that the Court would find his arguments compelling. Although the outcome was a gamble, it was a reasonable to advise Movant to take this risk. Thus, his performance was not deficient.

Even if Defense Counsel's performance was deficient, Movant has not shown *Strickland*

---

[2] Defense Counsel argued that Movant's criminal history should be classified as a Category I. Movant, however, had two previous criminal convictions and the Court classified her criminal history as a Category II.

prejudice. Under *Strickland*, a movant must show that she "would not have pleaded guilty and would have insisted on going to trial" absent her attorney's poor advice, misrepresentations, or errors. *Tinajero-Ortiz*, 635 F.3d at 1104 (8th Cir. 2011) (quoting *Hill*, 474 U.S. at 59). Movant argues that she received a sentence longer than she expected, but she does not assert that she would have gone to trial. Rather, she asserts that she would have opted for the other plea.

In addition, Movant was fully aware of the range of punishment that she could have received before she entered her guilty plea. The Court explicitly informed her of the maximum amount of imprisonment that she might receive if she were to plead guilty to the conspiracy count, 20 years. (4:08CR00410 ERW, ECF No. 322, Plea Hr'g Tr. 22). Movant indicated to the Court that she understood the range of punishment. *Id*. Movant even expressed that she understood that the imposed sentence could be different than the estimate given to her by Defense Counsel. *Id*. at 24-25. Her argument, that if she had been better advised by Defense Counsel she would have received a better outcome at sentencing, is unfounded. Thus, Movant has failed to show *Strickland* prejudice.

For this claim, Movant has failed to show, and the record affirmatively refutes, that Defense Counsel's performance was deficient or that she was prejudiced. Because the record affirmatively refutes this claim of ineffective assistance of counsel, an evidentiary hearing is unnecessary. *Tinajero-Ortiz*, 635 F.3d at 1105; *Shaw*, 24 F.3d at 1043.

### B. Failure to Advise Court of Additional Acceptance-of-Responsibility Credit

Movant asserts, and the United States concedes, that the Court was not advised properly about Movant's sentencing-reduction credits. Both parties agree that the Court should have been advised that Movant was entitled to a three-point reduction of her base offense level and that at sentencing, the Court was advised only of a two-point reduction. During the plea hearing, the following colloquy occurred:

THE COURT: All right. And that was there are going to be -- there will be only a two-level reduction?

AUSA: That was what we initially anticipated. However, based upon the anticipated stipulation to the facts in this case, we're going to move for the addition of the or deduction of one additional level.

THE COURT: All right. I'm going to add that language if that's permissible, and then we can initial these as we need to.

(4:08CR00410 ERW, ECF No. 322, Plea Hr'g Tr. 14).

Later in the hearing, this discussion occurred:

THE COURT: The parties have made an adjustment, and I have modified the language a little bit. I understand that there is an agreement, the government will recommend a two-level reduction under 3E1.1(a) if there is a plea of guilty made in this case at the time of sentencing for the defendant's full and timely acceptance of responsibility up to this point. Is that true?

AUSA: Yes, Your Honor.

DEFENSE COUNSEL: It is, Your Honor.

THE COURT: There is another paragraph that probably needs to be incorporated by reference by my following statements. I have said the parties expect that the government will move for an additional one point reduction at the time of sentencing. And then that's been negotiated. The ordinary language provides that if the defendant does all she agrees to do at or near the time of sentencing, the government will move for an additional one-point reduction under 3[E]1.1(b). That language obviously is not here. What is expected in terms of the additional one[-] point reduction by the government? Can you be specific, [AUSA]?

AUSA: Your Honor, initially we anticipated that very little would be stipulated to including amounts, and also about the agreement that may have existed between multiple individuals involved in the case, thereby necessitating the government to prove through the testimony of witnesses at a sentencing hearing to prove all the various aspects. At this point in time based upon discussions with counsel for [Movant], it's our understanding at this point that that will not be required. Therefore, we will be making that motion to deduct one additional level.

THE COURT: All right. Very well. Understood, [Counsel]?

DEFENSE COUNSEL: Yes, Your Honor, that's correct. It's just miscommunications, but that's correct.

THE COURT: Very well. It's recommended that the government estimates the total offense level in this case will be no greater than 33. Is that accurate?

AUSA: Yes, Your Honor.

*Id.* at 20-21. These portions of the plea transcript show that the United States recommended a two-level reduction for § 3E1.1(a), and a one-level reduction for § 3E1.1(b), which amounts to a three-level reduction for acceptance of responsibility.

During the sentencing hearing, the Court was not advised of this recommendation.  The Court calculated her sentence guideline range as follows:

> THE COURT: The 2008 version of the guideline manual was used. Under 3D1.2, counts 16 and 17 are grouped together for purposes of guideline calculations. The guideline for violation of 21 USC 841(c)2 and 846 is found in 2D1.11(a) of the manual referring to the drug quantity table. The base offense level for more than one kilogram and less than three kilograms of Pseudoephedrine is 36, under 2D1.11(d)(2).  Two levels are reduced for full and timely acceptance and responsibility under 3E1.1(a). The total offense level is 34. I disagree with the conclusion that there should be a one criminal history point reduction, so the criminal history category is two and the total offense level -- and the sentencing guideline range becomes 168 to 210 months.

(4:08CR00410 ERW, ECF No. 324, Sentencing Hr'g Tr. 8-9).  After listening to defense counsel zealously argue for a downward departure from the guidelines, the Court sentenced Movant to 124 months of imprisonment, fined her $300, and imposed supervised release for a two-year term.  *Id.* at 52.  The sentence was a 44-month downward variance from the guideline.

Defense Counsel did not mention the additional point to the Court during the sentencing hearing and the Court failed to recall the agreement as discussed at the guilty plea hearing.  However, Movant was not prejudiced in the *Strickland* sense by this omission.  As described above, Movant does not assert that she would have gone to trial but for this error.  Instead, she asserts that she is entitled to the credit that she was promised before and during her plea. With this in mind, the Court has fashioned the following remedy:

The Court has the authority to modify an imposed term of imprisonment only if such authority is conferred by federal statute.  *U.S. v. Fincher*, 538 F.3d 868, 878 (8th Cir. 2008); *U.S. v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001).  "If the court finds that . . . the sentence imposed was . . . otherwise open to collateral attack, the court shall . . . correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).   In light of the Court's original sentence and the agreement between the parties about the additional level-reduction credit for acceptance of responsibility, the

Court amends the sentence of imprisonment to 107 months.

**IV.  CERTIFICATE OF APPEALABILITY**

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").  Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

**V.  CONCLUSION**

Movant has not demonstrated a need for an evidentiary hearing on her claims.  Both claims are affirmatively refuted by the record.  Although Movant has demonstrated that she is entitled to relief for failure of the Court to award her the additional one-credit reduction for acceptance of responsibility, she does not assert that but for this error she would have gone to trial.  Therefore, Movant does not allege *Strickland* prejudice and an evidentiary hearing is not necessary.  Fairness, however, requires the Court to amend her sentence.

Accordingly,

**IT IS HEREBY ORDERED** that the Movant Carrie Ault's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

However, based on the reasons set forth in this memorandum and order,

**IT IS FURTHER ORDERED** that Movant's sentence of imprisonment is amended to 107 months.

The Clerk of the Court shall prepare an amended judgment for the Court's consideration to issue forthwith.

Dated this  23rd  day of September, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE